UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DUNCAN J. MCNEIL, III, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-CV-379 RM |
| UNITED STATES, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Duncan McNeil, a prisoner confined at the Spokane County Jail, submitted a civil complaint and an amended complaint incorporating the contents of his original complaint. Mr. McNeil's amended complaint essentially constitutes a petition for writ of mandamus. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. McNeil is a resident of Spokane, Washington. He names as defendants the United States, the clerks of this court and the Bankruptcy Court for the Northern District of Indiana, The United States Attorney for the Northern District of Indiana, the United States Bankruptcy Trustee for the Northern District of Indiana, the United States Marshals Service for the Northern District of Indiana, and other federal agencies or officers within the Northern District of Indiana.

Mr. McNeil asserts that the United States Bankruptcy Court for the Eastern District of Washington, the United States District Court for the Eastern District of Washington, The United States Bankruptcy Court for the Western District of Washington, the United States District Court for the District of Idaho, and the Spokane Superior Court have entered judgments in cases he has been involved in. Mr. McNeil seeks a declaratory judgment and a writ of mandamus "compelling the defendants to perform their duties" under judgments he asserts those court entered.

Pursuant to 28 U.S.C. 1631, the federal courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff." To invoke this type of mandamus jurisdiction successfully, Mr. McNeil must make an adequate showing that he "has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate

2

remedy is available." <u>Blaney v. United States</u>, 34 F.3d 509, 513 (7th Cir. 1994).

Nothing in Mr. McNeil's complaint or amended complaint suggests that the defendants, all of whom are federal officials in Indiana, failed to perform any duty they owed him. Based on his complaint, amended complaint, and the attachments to his complaints, Mr. McNeil cannot make the requisite showing to establish mandamus jurisdiction; the defendants simply have no duty to Mr. McNeil.

Mr. McNeil states in his amended complaint that he is presently unlawfully incarcerated, that he has committed no crime, and that he has not been sentenced on a valid criminal conviction. He also states that the defendants have been intentionally indifferent to his health and safety by withholding required medication and medical treatment. He does not seek any specific relief for these allegations.

Mr. McNeil is confined in the Spokane County Jail in Spokane, Washington. The defendants he names in this case are not responsible for placing Mr. McNeil in confinement or for the conditions under which he is confined. If Mr. McNeil wishes to challenge either the fact or conditions of his confinement, he must do so in the United States District Court for the Eastern District of Washington, naming as defendants the persons responsible for violating his federally protected rights.

For the foregoing reasons, the court DISMISSES the plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to his right to refile his complaint in an appropriate federal court against appropriate defendants.

SO ORDERED.

ENTERED: August 30 , 2005

                                      /s/ Robert L. Miller, Jr.
                                     Chief Judge
                                     United States District Court